**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **YUL TERRAH COOPER,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:05-CV-0490-A |
| § | |
| **DOUGLAS DRETKE, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Yul Terrah Cooper, TDCJ # 722078, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Midway, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In March 1994, Cooper was charged by indictment with murder in the 297th District Court

of Tarrant County, Texas.  (Transcript at 3.)  In February 1995, a jury found Cooper guilty of the offense and assessed his punishment at sixty years' confinement.  (*Id.* at 47.)  On August 29, 1996, the Second District Court of Appeals of Texas affirmed the trial court's judgment.  *Cooper v. Texas*, No. 02-95-087-CR, slip op. (Tex. App.–Fort Worth Aug. 29, 1996) (not designated for publication).  Thereafter, on March 12, 1997, the Texas Court of Criminal Appeals refused Cooper's petition for discretionary review.  *Cooper v. Texas*, PDR No. 1612-96.  Cooper did not seek writ of certiorari.  (Federal Petition at 3.)  On April 21, 2005, Cooper filed an application for writ of habeas corpus in state court, which was denied without written order by the Texas Court of Criminal Appeals on June 29, 2005.  *Ex parte Cooper*, Application No. 62,051-01, at cover.  Cooper filed this federal petition for writ of habeas corpus on July 25, 2005.  Dretke has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Cooper has not timely replied.

D.  ISSUES

In one ground, Cooper raises a *Brady* claim.  (Federal Petition at 7.)

E.  STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

>    United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Because Cooper is attacking his 1995 conviction, subsection (A) governs when the limitations period in this case began to run, *viz.*, the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[1] For purposes of this provision, Cooper's conviction became final and the one-year limitations period began to run upon expiration of the time that Cooper had for seeking certiorari in the United States Supreme Court on June 10, 1997, and closed on June 10, 1998. Cooper's state habeas application, filed after expiration of the federal limitations period, did not operate to toll the running of the federal period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998). Cooper's federal petition was due on or before June 10, 1997. His petition, filed on July 25, 2005,

---

[1] There are no allegations that the state imposed an unconstitutional impediment to the filing of Cooper's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Cooper's claim, or that the factual predicate of his claim could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

over eight years later, was filed beyond the limitations period and is untimely.[2]

## II. RECOMMENDATION

Cooper's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 26, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

---

[2]Cooper does not raise the issue nor does the court find that this is a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Cooper has asserted no justification for his failure to timely file his federal habeas corpus petition, and the record reveals none.

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## **ORDER**

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 26, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 5, 2005.

/s/ Charles Bleil

CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE